IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMES EARL BREWSTER              §
                                 §
          Petitioner,            §
                                 §
VS.                              §
                                 §        NO. 3-10-CV-1388-B
RICK THALER, Director            §
Texas Department of Criminal Justice,   §
Correctional Institutions Division      §
                                 §
          Respondent.            §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner James Earl Brewster, a Texas prisoner, has filed an application for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be

dismissed for lack of subject matter jurisdiction.

I.

In 1994, petitioner was convicted of murder and indecency with a child. Punishment was

assessed at life imprisonment and 15 years confinement, respectively. His murder conviction was

affirmed on direct appeal. *Brewster v. State*, No. 05-94-CV-00810-CR, 1996 WL 45997 (Tex. App.

-- Dallas, Jan. 25, 1996, no pet.). Over the next 13 years, petitioner filed multiple state and federal

writs challenging his murder conviction and a 1980 conviction for sexual assault of a child that was

used to enhance his sentence in the murder case. All the writs were either denied on the merits,

dismissed as successive, or dismissed for lack of subject matter jurisdiction. In dismissing his most

recent federal writ, the court warned petitioner that "sanctions may be imposed if he files another

successive habeas petition without first obtaining authorization from the Fifth Circuit." *Brewster*

*v. Quarterman*, No. 3-09-CV-0329-O, 2009 WL 2337742 at *3 (N.D. Tex. Jul. 28, 2009), *COA denied*, No. 09-10784 (5th Cir. Feb. 2, 2010).

On July 9, 2010, petitioner filed an application for writ of habeas corpus challenging his conviction and 15-year sentence for indecency with a child. Noting that petitioner was sentenced in 1994, the court *sua sponte* questioned whether he was still "in custody" on that conviction. *See* Order, 7/23/10. Petitioner filed a written response to the jurisdictional inquiry on August 7, 2010. The court now determines that this case should be dismissed for lack of subject matter jurisdiction.

II.

A federal court lacks subject matter jurisdiction to entertain a section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing cases). In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court discussed the "in custody" requirement for federal habeas jurisdiction. While recognizing that a prisoner need not be physically confined to be "in custody" for the purposes of section 2254, the Court noted:

> We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. Indeed, [the Court's] decision in *Carafas v. LaVallee*, [391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)], strongly implies the contrary. . . . [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.

*Id.*, 109 S.Ct. at 1925-26 (emphasis in original). *See also Hendrix*, 888 F.2d at 338 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach

future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254).

Petitioner admits that he discharged his 15-year sentence for indecency with a child in May 2009 -- more than one month before his federal writ was filed. (*See* Pet. Resp. at 3). Nevertheless, petitioner maintains that federal habeas jurisdiction is proper because his state writ was filed before the sentence expired. (*Id.* at 1-2). Petitioner is mistaken. "A district court has jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody' of the state at the time the *federal habeas petition* is filed." *Cotton v. Thaler*, No. SA-10-CV-87-XR, 2010 WL 3239316 at *4 (W.D. Tex. Aug. 16, 2010) (internal quotations omitted) (emphasis added), *quoting Maleng*, 109 S.Ct. at 1925. Consequently, the court lacks subject matter jurisdiction over this action.

## <u>RECOMMENDATION</u>

Petitioner's application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  August 20, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE